UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRETT J. GIBSON,

                Plaintiff,

                                                        Case No. 11-14568
v.                                              Honorable Thomas L. Ludington

WILLIAM ENGMANN, individually,
and WILLIAM ENGMANN, P.C.,

                Defendants.
_____ /

**ORDER GRANTING EXTENSION OF TIME FOR SERVICE OF PROCESS**

On October 17, 2011, Plaintiff Brett Gibson filed a complaint against Defendants William Engmann and William Engmann, P.C. (collectively, "Defendant"), alleging professional negligence and attorney malpractice. The complaint makes the following pertinent allegations. In September 2004, Plaintiff loaned a third party $350,000. The loan was secured by a promissory note and mortgage on two parcels of real property. One parcel was located in Michigan, one in Indiana. After the third party defaulted on the loan in March 2005, Plaintiff retained Defendant to foreclose on the Michigan property. Plaintiff also retained separate counsel to foreclose on the Indiana property. Defendant advised Plaintiff that the amount he bid on the Michigan property would not affect his claim in the Indiana proceedings. This advice was incorrect. Defendant submitted a bid on Plaintiff's behalf for the Michigan property that exceeded the fair market value by more than $230,000. Plaintiff foreclosed on the Michigan property. The third party then initiated proceedings in Indiana to set aside the foreclosure proceedings because the Michigan foreclosure discharged the debt.

Plaintiff now moves for an extension of time for service of process, disclosing that he has not yet served the complaint because his appeal of the Indiana state court decision releasing Plaintiff's lien on the Indiana property is currently pending.  ECF No. 4.

Federal Rule of Civil Procedure 4(m) requires a court dismiss the complaint without prejudice if a defendant is not served within 120 days after the complaint is filed unless "the plaintiff shows good cause for the failure."  "The determination of good cause is left to the sound discretion of the district court."  *Habib v. Gen. Motors Corp*., 15 F.3d 72, 73 (6th Cir. 1994) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

Here, Plaintiff requests an additional ninety days to serve Defendant, explaining that he has "delayed service on Engemann in the hope that the Indiana litigation will have concluded." The appreciation for the interests of judicial economy is certainly appropriate.  Against this, however, must be balanced a defendant's right to reasonably prompt notice of the pendency of the action.  And, as Plaintiff notes, following service the Court will have a variety of tools at its disposal — such as staying of the action pending the state court ruling — to further the efficient administration of justice.

Accordingly, it is **ORDERED** that Plaintiff's motion to extend time for service of process (ECF No. 4) is **GRANTED**.

It is further **ORDERED** that Plaintiff shall have an additional forty-five days from the date of this order to serve Defendant.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS